### ARGUED AND DETERMINED

##### IN THE

# SUPREME JUDICIAL COURT,

##### IN THE

## COUNTY OF MIDDLESEX, NOVEMBER TERM, 1804,
## AT CAMBRIDGE.

———◆———

JOEL LAWRENCE *versus* OLIVER PARKER AND OTHERS.

A contract by *three* to convey lands with warranty, is not complied with by a conveyance with warranty by *one* of the three covenantors, and the release of the other *two*.  *Quære* as to what is to be considered as a penalty, and what as liquidated damages.

THIS was an action of *covenant*, in which the declaration was, in substance, as follows, viz. :—

*Oliver Parker, Peter Gilson,* and *Nathaniel Blanchard,* were attached to answer to *Joel Lawrence,* in a plea of covenant broken, for that the said [*defendants*], at ————, on the 18*th day of March,* 1799, in consideration that the plaintiff had procured *Joseph Moors* and *Isaac Lawrence* to give said *Parker* security to pay him 100 dollars on or before *the first day of April then next,* by their deed *dated the* 18*th day of March aforesaid,* duly executed and in Court to be produced, will oblige and bind themselves to convey to the plaintiff, on or before *the last day of April then next,* by a good and lawful warranty-deed, certain tracts of land [*described*], and also that said *Parker* should procure his mother, *Jane Hunter,* to release her right of dower in said premises, and also that *Betsey,* the *wife of said *Parker,* should release her [ * 192 ] right of dower in said premises, in both said cases meaning on or before *said last day of April;* and that said premises should be free and clear of all encumbrance ; and that, if the said

[*defendants*] should not execute a deed as aforesaid, they would *forfeit* and pay to the plaintiff the sum of 100 dollars—(*Breach*)—that the said [*defendants*] never did execute a deed as aforesaid, though often requested, nor, though likewise requested, have they or either of them ever paid said sum of 100 dollars, *et sic, &c.*

The defendants prayed *oyer* of the deed declared on, which was in substance as follows, viz. : "This obligation witnesseth, that we [*the defendants*] do hereby obligate and bind ourselves that *we* will, on or before the *last day of April next, convey* to *Joel Lawrence*, by a good and lawful warranty-deed, certain lands (*as described in the declaration;*) we also bind ourselves and each of us that *Oliver Parker* shall procure his mother, *Jane Hunter*, to release her right of dower, &c., and his wife to do the same, &c., (*as stated in the declaration,*) and that said premises shall be free from all encumbrance. The condition of the within obligation is such, that, if [*the defendants*] *shall execute the deed aforesaid,* by the time aforesaid, and in manner as they have herein agreed, then this obligation to be void ; if they do not execute said deed as aforesaid, they, the said [*defendants,*] shall forfeit and pay unto the said *Joel Lawrence* the sum of $100—in witness, &c., (dated March 18, 1799," and executed by all the defendants ;) and then pleaded in bar, that, *before the last day of April,* in the writing obligatory aforesaid mentioned, viz., on the ———— day of ————, at ————, the said *Parker* did procure his mother, *Jane Hunter*, to [ * **193** ] release her right of dower, &c., (*and set out * the deed which was made by the said Jane and her husband,*) and that the premises were then and there free and clear from all encumbrances whatever, and that said *Parker*, on the 29th day of the same April, *being sole seised thereof,* duly made and executed a lawful warranty-deed of the premises in that writing mentioned to the plaintiff, (*and set out the deed,* which concluded, "In witness whereof, the said *Oliver Parker*, and *Betsey Parker*, his wife, in token that she hereby releases her right of dower in the premises, have hereto set our hands and seals this 29th day of April, 1799,") by which deed, also, *Betsey*, the wife of said *Parker*, did release her right of dower in said premises, and did also execute and deliver the same as her deed ; and which same deed the said *Oliver* and *Betsey*, on the same day, did duly acknowledge, before *A. B., Esq.*, a justice of the peace for said county of *M.*, as their free act and deed ; and on the same day, the said *Peter Gilson* and *Nathaniel Blanchard* did release and quitclaim to the plaintiff all the right and title which they had, or might have, in the premises, by their deed made on the back of the deed of the said *Oliver* and *Betsey* (*and set out a common release ;*) which deed of the said *Oliver* and *Betsey*,

*Peter* and *Nathaniel,* the defendants have here ready in Court to be produced, and which deed, so made and executed as aforesaid, they, the said [*defendants,*] at ———, on the same day, did offer and tender to the plaintiff as a good and lawful warranty-deed of the premises aforesaid in the same writing mentioned, according to the effect, tenor, and true meaning of the writing obligatory aforesaid; but the plaintiff wholly refused to accept or receive the same, and this they are ready to verify, &c. *S. Dana.*

*Replication,* protesting that the plea is an insufficient answer to the plaintiff's declaration, and that he is not bound by law to answer said plea, says, * that long before the time when [ * 194 ] the defendants made the writing obligatory aforesaid, viz., on the 3d May, 1792, at ———, one *James Prescott* was, and a long time before had been, seised of all the premises aforesaid in his demesne as of fee, and that *Susanna Prescott* then and there was, and long before had been, the lawful wife of said *James,* and entitled to her dower in said premises in case she should survive her said husband. And on said 3d day of May, said *James,* by his deed of that date, conveyed said premises to said *Oliver Parker* in fee; but his said wife did not, in or by said deed, relinquish or part with her right of dower in said premises, nor has she at any time relinquished or parted with the same. And said premises, at the time of making said writing obligatory, were, and still continue, liable to the claim of said *Susanna* for her dower therein; *without that,* that said *Oliver,* at the time of making the deed in said plea mentioned, was sole seised of said premises free and clear of all encumbrances whatever; and this he is ready to verify, &c.

*T. Bigelow.*

*Rejoinder,* that before the time when said *Prescott* became seised of all the premises, in manner and form as in the replication is supposed, one *O. P.,* now deceased, was in his lifetime seised of the same in his demesne as of fee, and being so seised, on 3d Jan. 1787, by his deed of bargain and sale, granted the same to said *Prescott;* that, at the time of making the same deed, the said *Prescott,* by his certain deed of defeasance or writing obligatory, bound himself to the said *O. P.,* deceased, in the sum of $1000, on condition that, if he, the said *O. P.,* should, on or before the first day of April then next, pay to said *Prescott* the sum of $658 and 33 cents, with the lawful interest for the same, then the same deed should be void, and that he, the said *Prescott,* would release to him, the said *O. P.,* the premises aforesaid; which defeasance * was executed and delivered at the same [ * 195 ] time of making and executing the said deed of *Prescott* from said *O. P.;* whereby, and by force of the conveyance so

made as aforesaid, the said *Prescott* became seised of the same premises in fee and in mortgage *only*, subject to the condition in the same bond mentioned ; and this the defendants are ready to verify.

To this rejoinder the plaintiff demurred, and assigned for causes, *First*, that the *plea* does not set forth that *all* the defendants conveyed the premises to the plaintiff by a warranty deed ; *secondly*, that the *rejoinder* is a departure, in that it does not join the traverse offered by the replication ; *thirdly*, that it does not appear by said plea or rejoinder that there was no subsisting title out of said defendants at the time of said conveyance to the plaintiff; and *lastly*, that the rejoinder does not deny that *James Prescott* was seised in fee, as the plaintiff in his replication has alleged, nor is it stated in the rejoinder that the conveyance by *O. P.*, deceased, to said *Prescott*, was the only seisin which said *Prescott* had in the premises.

And the defendant joined in demurrer.

*Parsons*, for the plaintiff, said that the only question he should *now* make was, whether, upon a covenant by *three* to make a deed of warranty, the deed of warranty of *one*, with a *release* of *the other two*, be a substantial performance of the covenant.

*S. Dana*, for the defendants, contended that it appeared by the pleadings, that *Parker*, at the time he made the deed mentioned in the *bar*, was *sole seised* of the premises which the defendants had covenanted to convey. When, therefore, the one *having right* to the estate had conveyed with warranty, and the other two defendants had *released*, and thereby completely barred themselves from all claim, it was, though not in the words, yet within the meaning of the covenant, a substantial performance ;
[ * 196 ]   *and it would have been absurd, and never could have been the intention of the parties, that the *two* who had nothing in the lands should have made a deed in common form jointly with *Parker*, and thereby subjected themselves to an action instantly. But if the Court should be of opinion that the plea in bar is insufficient, then they would look at the declaration, which he said was also bad. And he contended that the action ought to have been *debt*, and that *covenant* would not lie on an instrument like the one declared on. He said that the sum of $100, mentioned in the writing, was to be considered either as *liquidated damages*, or as a *penalty*. If the *former*, which he believed to be the case, then *debt* only would lie for it, being a sum certain. If the *latter*, then by our statute the action of debt ought to have been brought, that the Court might exercise the equitable powers which the statute has given them on the subject.

*Parsons,* in reply. As to the plea in bar, it certainly was of importance to the plaintiff to have the warranty of the other defendants ; because, although it were true that *Parker* was sole seised, yet that seisin might be by wrong ; and if he were evicted by a person having elder title, it might be that the plaintiff could obtain no indemnification from *Parker* alone. The plaintiff intended to have *able warrantors,* and had made a contract accordingly ; and the law will not permit the covenant to be evaded by such proceedings as the defendants have had recourse to in the present case.

As to the *declaration,* of which the deed declared on is to be considered as a part, it is evident that the sum of $100 is not liquidated damages, but a penalty. The obligation itself considers the sum as a *forfeiture ;* but what is there in the statute which takes away the right that the plaintiff has at common law of electing to pursue either * remedy ? Nothing which dif-  [ * 197 ] fers this case from the common cases of charter-parties, covenants of indenture, and other covenants secured by a penalty. If, however, the Court should be of opinion that the sum is to be considered as liquidated damages, they will assess that sum in damages. If the Court should think that the sum mentioned is a penalty, they will exercise their equitable jurisdiction, and assess such damages as they think just ; the Court having, by the statute, a right, at the motion of either party, to assess damages in an *action of covenant.* Had the plaintiff considered the sum as a penalty, and brought an action of debt for the recovery of it, and there had been an issue to the jury, the jury could not inquire of the damages, because, by the statute, that is a subject for the equitable interference and settlement of the Court.

This case was argued on the *second* day of the term, and on the *ninth* day of the term, the opinion of the Court was delivered by DANA, C. J., who said that the Court (viz., *himself, Sedgwick, Sewall,* and *Thacher,* justices) were unanimously of opinion that the plea in bar was insufficient, on the ground that the warranty of one of the defendants, with a release of the other two, was not a performance of the covenant declared on.

*S. Dana,* for the defendants, prayed to be heard in chancery, on the ground that the sum of $100 mentioned in the deed declared on, was to be considered as a penalty, and not as liquidated damages.

The Court did not decide whether the sum was to be considered as a penalty or as liquidated damages, but seemed to think that it was a penalty. They appeared to have some doubts with regard to their power, by the statute, 1785, *c.* 22, to assess damages in an

action of covenant which is not brought to recover the forfeiture or penalty; but as the defendant had moved to be heard [ * 198 ] by the Court as * to the damages, they, with the assent of the plaintiff, assessed the same, and ordered the judgment to be entered for $100, and the interest thereof, from the service of the writ, saying that the defendants ought to satisfy the Court that the sum should be reduced, but they had given no evidence to that effect. (1) (*a*)

Parsons and T. Bigelow for the plaintiff.

S. Dana for the defendants.

(1) Vide Perkins vs. Lyman, vol. xi. p. 76.
(a) [There can be no doubt the sum was in this case fixed as a penalty merely, and was not intended to be considered as liquidated damages.—*Asley* vs. *Weldon,* 2 *B. & P.* 346.—*Smith* vs. *Dickinson,* 3 *B. & P.* 630.—*Davis* vs. *Penton,* 6 *B. & C.* 216; 9 *D. & R.* 369.—*Charrington* vs. *Laing,* 3 *M. & P.* 587; 6 *Bingh.* 242.—*Kemble* vs. *Farren,* 6 *Bingh.* 141; 3 *M. & P.* 245.—*Homer* vs. *Graves,* 5 *M. & P.* 768; 7 *Bingh.* 735.—ED.]